NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-152

COMMONWEALTH

vs.

CARLOS TORRES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted after a jury trial of two counts of indecent assault and battery on a child under the age of fourteen.  On appeal he argues that the trial judge should have instructed the jury, sua sponte, that they needed to find separate and distinct acts underlying each charge and that the absence of such an instruction created a substantial risk of a miscarriage of justice.  We affirm.

Background.  The victim was seventeen years old at the time of trial.  When she was in elementary school, the victim attended a daycare run by the defendant's wife in the home she shared with the defendant.  The victim testified about two incidents that occurred in the home.

The first incident occurred while the victim and the defendant were alone on a couch in a living room in the home. The defendant was playing video games, with the victim sitting between his legs, when he "stopped playing and then . . . just put his . . . hand in [the victim's] pants." The defendant's hand was under the victim's underwear on her vagina. After about thirty seconds, the defendant removed his hand.

The second incident occurred in a different living room in the home. The victim was lying on a couch with her eyes closed when the defendant reached under her shirt and started scratching her back. The defendant then "play[ed] with [the victim's] nipple for a little bit."

The judge did not give a separate and distinct acts instruction, nor did defense counsel request one. Instead, defense counsel requested "[j]ust the standard jury instructions." Defense counsel also did not object to the verdict slips, which named the victim and identified the counts as "Indecent Assault and Battery on . . . a Child Under 14 . . . VAGINA" and "Indecent Assault and Battery on . . . a Child Under 14 . . . BREAST." A third verdict slip named a different victim and identified the count as "Indecent Assault and Battery on . . . a Child Under 14 . . . LIPS."

2

Discussion.  The defendant argues that the judge committed reversible error by failing to give the "multiple charges" model jury instruction[1] or by otherwise failing to instruct the jury that they needed to find separate and distinct acts underlying each charge.  Because the defendant did not preserve these objections, we review to determine whether any error created a substantial risk of a miscarriage of justice.  See Commonwealth v. Mamay, 407 Mass. 412, 418-419 (1990).

A trial judge is not required to give "a particular instruction so long as the charge, as a whole, adequately covers the issue."  Commonwealth v. McGee, 467 Mass. 141, 154 (2014), quoting Commonwealth v. Daye, 411 Mass. 719, 739 (1992).  Here, the judge adequately and accurately conveyed to the jury that there were distinct charges and that their verdict had to be unanimous on each charge.  After instructing the jury that the Commonwealth had the burden to prove the defendant's guilt beyond a reasonable doubt, the judge stated, "Your verdict on each charge, whether it is guilty or not guilty, must be unanimous."  The judge further stated, "Ladies and gentlemen, as

_____

[1] That instruction provides as follows:  "The complaint contains a total of __ charges.  Each charge in the complaint is an accusation of a different crime.  You must consider each charge separately and return a separate verdict of guilty or not guilty for each charge."  Instruction 2.300 of the Criminal Model Jury Instructions for Use in the District Court (2009).

3

you know, you have before you three separate counts of indecent assault and battery. You'll have with you three verdict[] slips." Immediately following this statement, the judge instructed the jury that "[t]o prove the defendant guilty of each offense, the Commonwealth must prove things beyond a reasonable doubt" and then proceeded to explain the elements of the offense. Particularly where the verdict slips expressly identified which victim and incident corresponded to which charge, these instructions adequately conveyed to the jury that they had to consider the charges separately and return a unanimous verdict on each one. The defendant was not entitled to an instruction containing the particular wording that he presses for the first time on appeal. See McGee, supra at 155.

In addition, the defendant has failed to demonstrate a substantial risk of a miscarriage of justice. Not only did the verdict slips identify the corresponding incidents, the victim testified about two separate incidents, and the prosecutor further demarcated them by using the descriptors, "first incident" and "second incident." The prosecutor's closing argument also described two separate assaults against the victim. Furthermore, defense counsel himself emphasized that there were separate incidents when he asked the victim during cross-examination, "Now, you're alleging that there were two

4

separate incidents that occurred with [the defendant], correct?"

Finally, that the jury acquitted the defendant of the third charge against a different victim shows that they considered each charge separately.  In these circumstances we discern no substantial risk of a miscarriage of justice.  See Mamay, 407 Mass. at 419.[2]

Judgments affirmed.

By the Court (Shin, Grant & Hershfang, JJ.[3]),

Clerk


Entered:  September 23, 2025.

---

[2] For the first time at oral argument, the defendant claimed that a scrivener's error in the verdict slips, identifying each of the two counts involving the victim as "Count 1," created a substantial risk of a miscarriage of justice.  We are unpersuaded.  The jury returned separate verdicts on each count, showing that they considered the counts separately, as the judge instructed them to do.  Moreover, the defendant's assertions regarding the purported inadequacy of the complaint, which was not in evidence, are irrelevant to whether the jury instructions created a substantial risk of a miscarriage of justice.

[3] The panelists are listed in order of seniority.